UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KEITH TROUT,<br>        Plaintiff,<br><br>        v.<br><br>COUNTY OF MADERA, et al.,<br>        Defendants. | Case No. 21-cv-06061-PJH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND JUDGMENT**<br><br>Re: Dkt. No. 126 |
|---|---|

Before the court is plaintiff's motion to amend the order of dismissal for improper venue and the resulting judgment. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for July 7, 2022, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**RELEVANT BACKGROUND**

This case involves the tragic death of Calley Garay ("Calley"), the alleged abuse of her minor sons following her death, and the allegedly fraudulent transfer of real property on the day of her death. See First Amended Complaint ("FAC") (Dkt. 71). Plaintiff, the grandfather and guardian ad litem of Calley's surviving children, brought this lawsuit against some 19 defendants on various theories of liability for their respective roles in the harms. See FAC.

The incident subject of this litigation occurred on July 14, 2020. Farber Decl. ¶ 1 (Dkt. 135 at 1-2). Accordingly, plaintiff's deadline to file a government claim pursuant to sections 901 and 911.2 of the California Government Code was January 14, 2021.

Farber Decl. ¶ 1 (Dkt. 135 at 1-2).  Plaintiff filed a claim on January 7, 2021, which was rejected by the County of Madera on February 19, 2021, establishing a deadline to file suit no later than August 19, 2021, under California Government Code section 945.6.  Farber Decl. ¶¶ 1-2 (Dkt. 135 at 1-2).  Plaintiff contends that he satisfied this deadline by filing the complaint in this action in the Northern District of California on August 5, 2021.  Farber Decl. ¶¶ 1-2 (Dkt. 135 at 1-2); Dkt. 1.

Defendants filed various motions challenging the complaint.  See Dkt. 50-62.  Plaintiff filed his first amended complaint in response, particularly offering additional allegations in support of venue in this district.  Dkt. 71.  Defendants again filed various motions challenging the amended complaint, including motions to dismiss under Rule 12(b)(1), Rule (b)(3), and Rule 12(b)(6), and motions for discretionary transfer under Title 28 U.S.C. § 1404(a).   See Dkt. 86-98.

On May 6, 2022, the court ruled on the several motions to dismiss for improper venue under Rule 12(b)(3) (see Dkt. 86, Dkt. 89, Dkt. 90-1, Dkt. 92; and Dkt. 98) as well as defendant Michelle Baass' related motion at Dkt. 94 contesting service of process.  Dkt. 124 at 5.  The order did not reach the merits of motions for discretionary transfer brought under Title 28 U.S.C. § 1404(a), and it did not reach the merits of the motions to dismiss brought under 12(a)(1) or 12(b)(6).  The court held that service on a former director of the California Department of Health Care Services ("DHCS") was improper, no defendants reside in the Northern District, and venue was ultimately improper in this district.  Dkt. 124 at 15.  The court dismissed the operative complaint "without prejudice to filing in the proper district."  Dkt. 124 at 15.

On June 2, 2022, plaintiff filed the instant motion to amend the judgment under Rules 59(e) and 60(b)(6).  Dkt. 126-127.  Plaintiff requests the following:

- "[A]n amendment of the order dismissing this action without prejudice to permit its refiling in the Eastern District of California to a new order that simply transfers the action there" (Dkt. 126-1 at 1);
- "[A]n order changing the disposition on the motion to quash service from one of

2

1  dismissal to one specifying a new deadline (after transfer) for Plaintiff to serve the
2  new Director of DHCS, Defendant Michelle [Baass]" (Dkt. 126-1 at 2); and
3  • "[A]n amendment to the Court's Statement of Facts to eliminate the factual finding
4  that the clinic called the telephone number that 'Calley previously provided' to
5  confirm the appointment" (Dkt. 126-1 at 2).

**DISCUSSION**

**A.  Legal Standard**

"[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Wood v. Ryan, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). "Altering or amending a judgment under Rule 59(e) is . . . usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." Rishor v. Ferguson, 822 F.3d 482, 491-92 (9th Cir. 2016). "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." Turner v. Burlington N. Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted). However, "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc., 229 F.3d at 890.

As a general matter, a motion for review of a judgment or order is treated as a Rule 59(e) motion to alter or amend judgment if it is timely filed following entry of judgment, and otherwise as a Rule 60(b) motion for relief from a judgment or order. See Fed. R. Civ. P. 59(e) (motion must be filed no later than 28 days after entry of judgment); Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).

//
//

**B.    Analysis**

Because Trout timely filed his motion within 28 days of entry of judgment, the court considers whether he is entitled to relief under Rule 59(e), not Rule 60(b).

    **1.    Whether amendment is necessary to "prevent manifest injustice"**

Plaintiff must demonstrate that the extraordinary remedy of amendment of the court's judgment falls within any of the four reasons for amendment under Rule 59(e). Rishor v. Ferguson, 822 F.3d 482, 491-92 (9th Cir. 2016). Plaintiff does not offer any new evidence to support his request for the court to substitute its dismissal with a transfer. He does not identify manifest errors of law or fact upon which the judgment is based. There has been no intervening change in controlling law. The only basis upon which plaintiff seeks to amend the judgment is to "prevent manifest injustice." Turner v. Burlington N. Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

Under Title 28 U.S.C. § 1406(a), cases generally should be transferred rather than dismissed if a transfer serves the interest of justice. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (observing that the purpose of Title 28 U.S.C. § 1406(a) was to avoid "the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn."). Courts in this circuit take a broad view, typically recognizing that "transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir.1990) (quoting Goldlawr, 369 U.S. at 467). The Ninth Circuit has only "rarely found that transfer would not serve the interest of justice." Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc., 793 F.3d 991, 996 (9th Cir. 2015). In fact, the Ninth Circuit has "indicated that it is in the interest of justice to transfer a case when the time period has elapsed to file in the appropriate court." Id. at 996 (citing Kennecott Corp. v. U.S. Dist. Ct. for S. Dist. of Cal., 873 F.2d 1292, 1293 (9th Cir.1989)).

Transfer is not in the interest of justice, however, where "it is apparent that the

matter to be transferred is frivolous or was filed in bad faith." Amity Rubberized Pen Co., 793 F.3d at 996. For example, in Johnson v. Payless Drug Stores Nw., Inc., 950 F.2d 586, 588 (9th Cir. 1991) the appellate panel found the district court did not abuse its discretion in dismissing the case instead of transferring it where the plaintiff disclaimed any intent to prosecute the lawsuit in the appropriate district. And transfer is not in the interest of justice where the plaintiff improperly chose not to bring the action in a proper district in the first instance. Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir. 1983) ("Justice would not have been served by transferring [plaintiff's] claims back to a jurisdiction that he purposefully sought to avoid through blatant forum shopping.").

Here, plaintiff argues that changing the court's dismissal to a transfer, keeping the case alive rather than requiring him to start fresh elsewhere, is necessary to avoid the prejudicial effect of the statute of limitations of California's Tort Claims Act. Several defendants emphasize that plaintiff knew of the potential prejudice that would result from dismissal at the time of the earlier briefing, yet plaintiff avoided arguing in favor of transfer as an alternative to dismissal. Defendants aver that a Rule 59(e) motion is inappropriate to introduce such argument for the first time.

The declaration of plaintiff's counsel reveals acute awareness of the statutory deadlines for making claims under the California Tort Claims Act and the corresponding limitations period for filing suit. See Farber Decl. ¶¶ 1-2 (Dkt. 135 at 1-2). Plaintiff's counsel was fully aware of the California Tort Claims Act obligation to file suit in the appropriate forum on or before August 19, 2021, an obligation he flouted by filing and then fighting to remain in a district with a tenuous connection to this case. The failure of plaintiff's earlier arguments in favor of venue in this district does not constitute a change in circumstance that warrants amendment of judgment.

Though plaintiff could have earlier identified this argument, plaintiff's focus on amendment to "prevent manifest injustice" falls outside the other Rule 59(e) grounds, which are focused on reconsideration in light of new authority or information. As

described above, a transfer rather than dismissal generally serves "the interest of justice" where plaintiff faces the potential loss of certain claims as a result of the statute of limitations. The question becomes whether this is one of the normal cases in which plaintiff merely erred in pursuing venue in this district, or whether this a case in which plaintiff pursued venue in this district out of bad faith or forum shopping.

Plaintiff's choice to pursue his lawsuit in this district was the result of blatant forum shopping. Neither plaintiff nor any of the minors he represents reside in this district. FAC ¶ 11(a)-(c). Apart from Secretary Becerra, defendants are all located in either Madera County or Sacramento County. Both Counties are located within the boundaries of the Eastern District of California. All three of the main events giving rise to plaintiff's claims took place in Madera County, including (1) the shooting of Calley, (2) the abuse of the three sons, and (3) the fraudulent transfer of the Chowchilla property. These fundamental considerations alone suggest that Trout's choice to pursue his claims in the Northern District was the result of forum shopping.

Plaintiff's forum-shopping conduct here resembles that of the plaintiff in Johnson. In Johnson, the plaintiff expressly stated at the trial level that he would not prosecute the case in other districts if the case was transferred, and the appellate court affirmed dismissal—transfer would not be in the interest of justice. 950 F.2d at 588. Trout has not stated that he would not prosecute the case elsewhere, but he vehemently resisted transfer to the Eastern District, arguing that transfer would cause "substantial delay and inconvenience." Dkt. 108 at 2. Plaintiff plainly expressed, "The Eastern District is not convenient and *won't promote the interests of justice*." Dkt. 108 at 2 (emphasis added). Though plaintiff is generally correct that he was not required to argue in the alternative during the previous briefing—that transfer was less prejudicial than dismissal—he also was not required to take such a hardline position against transfer. This was not a circumstance like that described in Goldlawr, where the plaintiff merely "made an erroneous guess with regard to the existence of some elusive fact" supporting venue. 369 U.S. at 466. This plaintiff made flimsy arguments through two rounds of briefing from

several defendants. Transfer was not in the interest of justice where the plaintiff so clearly argued that transfer was not in the interest of justice and he displayed such reluctance to prosecuting the lawsuit in the appropriate district.

Plaintiff's conduct here is also analogous to the plaintiff in Wood, where a California-based plaintiff filed suit against some 250 defendants in the District of Nevada, where only a handful were subject to jurisdiction. 705 F.2d at 1518. The plaintiff in Wood deliberately avoided litigation in the Central District of California, home to the vast majority of defendants and site of the operative facts. Id. Trout, plaintiff in this case, similarly lacks contacts with the Northern District of California, a forum in which he argued only one defendant (Lightbourne), sued in his official capacity, maintains a personal residence. Trout has deliberately avoided litigation in the Eastern District, home to the vast majority of defendants and the site in which all of the operative facts took place. Justice would not be served by transferring Trout's case "to a jurisdiction that he purposefully sought to avoid through blatant forum shopping." Wood, 705 F.2d at 1523.

The second request sought in plaintiff's motion is for the court to grant him 21 days to serve DHCS following transfer and issuance of a new summons by the appropriate district court. Such relief is unnecessary and outside the authority of this court. As plaintiff's moving papers acknowledge, dismissal of the Director of DHCS was without prejudice, leaving plaintiff with the option of renaming the entity when filing a new action in the Eastern District. See Dkt. 127 at 4. And, as discussed above, plaintiff falls short of establishing that transfer is necessary to prevent manifest injustice. The court's earlier decision to dismiss the Director of DHCS without prejudice need not be clarified further.

Plaintiff fails to establish that transfer of the case to the Eastern District is necessary to prevent manifest injustice. Transfer of the case is not in the interest of justice given plaintiff's blatant forum shopping. Plaintiff's motion seeking amendment from dismissal to transfer is therefore DENIED.

//

//

### 2. Whether amendment of the statement of facts in the order of dismissal is necessary

Relief under Rule 59(e) is available when the court committed manifest errors of law or fact. Plaintiff's third request is that the court amend its statement of facts "to eliminate the factual finding that the clinic called the telephone number that 'Calley previously provided' to confirm the appointment." Dkt. 126-1 at 2. Admittedly, the factual summary in the order does not exactly reflect the language of the pleading. Thus, out of an abundance of caution, the court GRANTS plaintiff's request to amend its final order to avoid a misstatement of fact.

The court hereby strikes the statement, "Prior to the medical appointment, defendant Lorena Blanco Elenez, an employee of defendant Camarena Health, called the telephone number Calley previously provided to remind Calley of her appointment. FAC ¶ 135." Dkt. 124 at 2:22-25. The court hereby replaces the previous statement as follows: "Prior to the medical appointment, defendant Lorena Blanco Elenez, an employee of defendant Camarena Health, contacted Julio, Sr.'s residence and told him or other defendants about Calley's appointment. FAC ¶ 135." This change is memorialized in an amended order of dismissal filed concurrently with this order.

### CONCLUSION

For the reasons stated above, the court GRANTS in part and DENIES in part plaintiff's motion to amend the order of dismissal, and DENIES plaintiff's motion to amend the judgment. Plaintiff's forum shopping precludes a transfer in the interest of justice, and the case remains DISMISSED WITHOUT PREJUDICE to filing in the proper court. Given that the amendment is not substantive in nature and that the judgment has not been amended, the effective date of the order and judgment remains May 6, 2022.

**IT IS SO ORDERED.**

Dated: July 6, 2022

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge